# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TERRY DRAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-1361-SEB-DKL |
| | ) | |
| CARRIER CORPORATION, | ) | |
| USW LOCAL 1999-15, | ) | |
| Defendants. | ) | |

## Entry Discussing Motion Dismiss of Defendant Carrier Corporation

Terry Drake, an African American, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. ' 2000e-5. Drake alleges that his former employer, Carrier Corporation discriminated against him on the basis of his race. Carrier moves to dismiss Drake's claim pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. Rule 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted."

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is sufficient if it gives "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010). On the other hand, a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim." *Atkins v. City of Chicago,* 631 F.3d 823 (7th Cir. 2011).

Carrier argues that Drake's claim against it must be dismissed because he has pled himself out of court. Drake alleges in his charge of discrimination, attached to his complaint, that he was terminated after receiving 16 attendance points while other employees who received a similar amount of attendance points were not terminated. As Drake alleges in his charge of discrimination, one of the employees who was treated more favorably than him was white while the other was black. In other words, Drake identified in his complaint an employee of the same race who was treated more favorably than he was treated. By identifying another employee of his race who was treated more favorably, Drake has defeated his race discrimination claim. *See Nolen v. City of Chicago*, 221 F.3d 1339 (7th Cir. 2000) ("a black plaintiff cannot establish a prima facie case of racial discrimination by

identifying one coworker of another race who was treated more favorably, when at the same time other black employees were treated more favorably"); *Bush v. Commonwealth Edison Co.*, 990 F.2d 928, 930-32 (7th Cir. 1993) (finding that a black plaintiff cannot establish race discrimination where both black and nonblack coworkers were treated more favorably than he was).

Because Drake has pled facts that defeat his race discrimination claim, his claims against Carrier must be dismissed. Carrier's motion to dismiss [25] is therefore **granted**. No partial final judgment shall issue as to the claim resolved in this Entry.

**IT IS SO ORDERED.**

Date:   03/29/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Terry Drake
3417 N. College
Indianapolis, IN 46205

All Electronically Registered Counsel